## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

IN RE:

**JIMMY GODSEY**
**DARLENE GODSEY**

**DEBTOR(S)**                                                                                               **CASE NO. 18-60726**

## SECOND AMENDED
## TRUSTEE'S REPORT AND
## RECOMMENDATION AS TO CONFIRMATION

Confirmation: NOT RECOMMENDED.

1. The Trustee has received a certificate of title to a 2015 Nissan Juke automobile. The Debtors granted a lien in favor of C & F Finance Co. on November 7, 2016. This vehicle has not been listed as an asset, nor the debt to this creditor scheduled, nor has the claim [5-1] been provided for in the plan.

2. The Trustee also received a certificate of title to a 2007 Chevrolet HHR. The title list the owner as Katie Thomas with a lien in favor of Lendmark Financial Services, LLC granted on March 5, 2018. This vehicle has not been listed as an asset, nor the debt to this creditor scheduled, nor has the claim [6-1] been provided for in the plan. The Debtors are signatories to this loan.

3. The trustee requests the following additional documents or information:

    (a) A copy of the most recent PVA statement regarding a house and lot in Corbin, Kentucky referenced in paragraph 2 below.

4. The following documents have not been provided to the Trustee:

    (a) A deed to a house and lot located in Corbin, Kentucky and believed to be currently occupied by an ex-spouse or ex-significant other.

5. There is a pending objection to the plan by C&F Financial regarding the proposed valuation of a 2015 Nissan Juke motor vehicle. This creditor asserts the debt is excluded from valuation under 11 U.S.C. § 506 and must be paid its claim in full per 11 U.S.C. § 1325(a). This creditor also objects to the 5.50% proposed interest rate and states it is entitled to 7.25%. This creditor also objects to a current adequate protection payment and asserts it should receive no less than $363.84.

6. The fee requested by the attorney for the debtor in Section III.C.1.a. of the Plan does not match the Rule 2016(b) Disclosure of Compensation. Appropriate amendments must be made.

7. Part 1.1 of the plan includes both the "Included" or "Not included" options for valuation of those secured claims set forth in Part 3.2 of the plan. The Trustee and those upon whom the plan was served cannot ascertain the intent of this selection. Only one of the aforementioned options should be selected.

8. Part 3.1 of the plan states the Trustee will make the ongoing post-petition mortgage payments due Hometown Bank. However, the Trustee has requested that the house and lot be surrendered, as it is not necessary to the estate. Should there be non-exempt equity, then perhaps a sale of thee real property may be the appropriate disposition if the liquidation test is not met via plan payments. Further, per Debtor testimony at the 341 meeting of creditors, this Debt is being paid outside the plan by a third party.

9. There is a pending objection to confirmation of the plan filed by Capital One Auto Finance regarding the proposed valuation of a 2013 Nissan Rogue. This creditor asserts the vehicle was purchased within 910 days pre-petition and is thus subject to valuation per 11 U.S.C. § 1325 and § 506. This creditor also objects to the 5.50% proposed interest rate and states it is entitled to 7.25%.

**11 U.S.C. § 1325(a)(4) Liquidation Test Issues**

10. The house and lot referenced in paragraph 2 above may not be necessary to the bankruptcy estate, and paying a potential claim secured by this property adversely affects unsecured creditors. Further, the house and lot may have non-exempt equity for the benefit of unsecured creditors.

**11 U.S.C. § 1325(b)(1)(B) Disposable Income Test Issues**

11. The Debtors have combined income of $8,619.17. This is about $103,400 annually. They filed their chapter 7 petition on June 1, 2018. Their chapter 7 budget discloses they have only $33 of disposable income.

12. The plan proposes $0 payments for the first three months stating Mr. Godsey is on sick leave. It then steps up to $635 for the remaining 57 months.

13. The case was converted from one under Chapter 7 of the Bankruptcy Code. Schedules I and J must be amended to show the debtor's projected disposable income for the chapter 13 case and to also show that the debtor can afford to make payments under the chapter 13 plan. Form 22C (which differs from the Form 22A filed with the Chapter 7 petition) must be filed in order for the trustee to determine the appropriate applicable commitment period.

14. Because the timeshare is treated as being surrendered per the plan, the plan should also be amended to immediately increase plan payments by the amount of the loan payment listed on Schedule J, which is $135.

15. The Trustee objects to the RCI Travel expense of $79.17. This is related to the timeshare above and is no longer necessary.

16. Schedule D lists One Main Financial as a creditor whose debt is secured by 2004 Ford F150, but the plan does not provide for the treatment of the debt. The plan must be amended to address the claim. The Plan does however treat a One Main claim secured by a 2004

3

Chevy truck, which does not appear to be scheduled. The Plan should be amended to clarify this issue. The chapter 7 budget does disclose a $350 payment for this vehicle that should otherwise be treated in Part 3.2 of the plan, unless it was acquired within 910 days pre-petition.

17. Schedule J lists money being withheld to pay the following payments:

   (a) Two vehicle payments of $414 to Hometown Bank and $142 to Central Finance Company. It appears that most or all of the payments are actually being paid through the plan. Both the budget and Plan should be amended to clarify the treatment of these creditors.

18. Schedule D lists Lendmark as a creditor whose debt is secured by 2007 Chevrolet HHR, but the plan does not provide for the treatment of the debt. Since this debt is not provided for under the plan, then the Trustee has no authority to administer this debt other than by treating it as a junior secured claim under Part 3.6 of the plan.

19. The Trustee objects to the $265 charitable contribution listed on schedule J. There is no documentation to support this expense and it was further stated by the Debtors the contributions started around father's day this year. The petition was filed on June 1, 2018 with charitable giving said to have started on Father's day, June 17, 2018 and. The debtors testified there is no history of charitable giving prior to father's day of 2018.

20. The Trustee objects to the $100 monthly "Auto taxes/registration" on grounds the annual cost of $1,200 would indicate their motor vehicles are worth about $100,000. This is a highly improbable amount and should be adjusted to the monthly average of the actual tags and taxes paid in the past year for their vehicles, and only their vehicles.

    Respectfully submitted by:    Beverly M. Burden, Chapter 13 Trustee

                                                 By: /s/Michael E. Litzinger
                                                      Michael E. Litzinger,

                                              Attorney for Trustee
                                              KY Bar ID: 82898
                                              P.O. Box 2204
                                              Lexington, KY 40588-2204
                                              (859) 233-1527
                                              notices@ch13edky.com

## CERTIFICATE OF SERVICE

I hereby certify that on the February 26, 2019, I served a copy of the forgoing by regular U.S. mail, postage prepaid, or via electronic service via EM/ECF upon the following:

MARY-ANN SMYTH                                       All other parties requesting electronic notice

                                    By:   */s/ Michael E. Litzinger*
                                                 Michael E. Litzinger,
                                                 Attorney for Trustee