UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                    CASE NO. 18-60726

JIMMY GODSEY
DARLENE GODSEY

RESPONSE TO
TRUSTEE'S RECOMMENDATION AS TO CONFIRMATION

\* \* \* \* \* \* \* \* \* \*

NOW COME Debtors, Jimmy and Darlene Godsey, by counsel, and, for their response to the Trustee's Recommendation as to Confirmation states as follows:

RECOMMENDATION NO. 1:   The Plan has been amended to address this issue.

RECOMMENDATION NO. 2:   The title to the 2007 Chevy HHR was previously requested by the Trustee at the 341 Meeting to establish that Mr. Godsey did not own the vehicle and was only a cosigner on the debt for same.

RECOMMENDATION NO. 3:   The requested information has been provided to the Chapter 13 Trustee.

RECOMMENDATION NO. 4:   The requested information has been provided to the Chapter 13 Trustee.

RECOMMENDATION NO. 5:   The Plan has been amended to address this issue.

RECOMMENDATION NO. 6:   The Plan has been amended to address this

1

issue.

RECOMMENDATION NO. 7: The Plan has been amended to address this issue.

RECOMMENDATION NO. 8: The Plan has been amended to address this issue.

RECOMMENDATION NO. 9: The Plan has been amended to address this issue.

RECOMMENDATION NO. 10: Debtors do not believe there is any significant unprotected equity in the real estate. The PVA value of the home is $55,000.00 without taking into account the needed repairs noted in the petition. The Debtors estimate the cost of the needed repairs to be near $20,000.00 as the entire home requires new carpeting and flooring. The proof of claim of Hometown Bank is $16,799.00. After applying the Debtor's wildcard exemption, the Godsey's monthly chapter 13 plan payment will more than pay any remaining nonexempt equity. At the time of filing, the home was occupied by debtor, Darlene Godsey's ex-husband who has been making the mortgage payments since he moved in. The house requires significant repairs due to years of neglect. The Debtors do not believe that a sale of the property would result in any significant windfall for the unsecured creditors as it is in poor condition. Debtors do not have the funds to make the needed repairs prior to a sale. As debtor's ex-husband had been making the payments, it would appear the best interest of the bankruptcy estate would be for the debt to Hometown Bank continue to be paid outside the plan by a third party.

RECOMMENDATIONS 11-20:

In regards to the Trustee's recommendations and concerns in the paragraphs 11-20, the Debtors have filed amended schedules I and J in the record which should resolve the majority of these concerns. Debtor, Jimmy Godsey, was on medical leave from his employment as a paramedic at the time of the filing of the notice of conversion due to shoulder surgery. Mr. Godsey attempted to return to work after his surgery but, despite reducing his hours and attempting to accommodate his injury, continued to suffer from significant pain in his shoulder and arm. Mr. Godsey tendered his resignation to his employer and is no longer working.

With regard to the Trustee's recommendation in Paragraph 19 regarding charitable contributions, Debtors state that Mr. Godsey only joined church in summer 2018 when he was "saved." While there was not a history of contributions prior to that date, it is clear that Debtors have continued to attend church and to tithe since Mr. Godsey's public profession of faith. Receipts have been provided to the Trustee for the Godsey's contributions. Debtors would request that they be permitted to continue to tithe based upon their adjusted income as this is an important part of their faith.

WHEREFORE, the Debtors request that their plan be confirmed with the modifications addressed herein or, in the alternative, that the confirmation hearing be continued to allow the Debtors additional time to work with the Chapter 13 Trustee to develop a confirmable plan.

      Respectfully submitted,

*Mary-Ann Smyth*

---

MARY-ANN SMYTH
ATTORNEY AT LAW
P.O. DRAWER 425
CORBIN, KENTUCKY 40702
TELEPHONE: (606) 526-6943

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing was this 18th day of March, 2019, via electronic to the following:

Hon. Beverly Burden
PO Box 2204
Lexington, KY 40588


All creditors and interested parties of record

*Mary-Ann Smyth*

---

MARY-ANN SMYTH